# Supreme Court of Florida

---

No. SC2023-1706

---

**INQUIRY CONCERNING A JUDGE NO. 2023-029
RE: HON. CASEY L. WOOLSEY.**

June 20, 2024

PER CURIAM.

The Judicial Qualifications Commission has presented to the Court its Findings and Recommendation of Discipline regarding St. Johns County Judge Casey L. Woolsey, together with a stipulation entered by the JQC and Judge Woolsey. The parties agree that this matter should be resolved through a public reprimand.

At issue are two distinct acts that occurred during now-Judge Woolsey's first electoral campaign for judicial office, in 2022. First, Judge Woolsey approved a social media post that misleadingly suggested she had raised $100,000 from third parties, when the announced figure included a $50,000 loan from Woolsey herself. Second, Judge Woolsey left the following recorded voicemail message for a voter: "Hey, sorry I missed you. My name is Casey

Woolsey and I am calling because I'm running for County Court Judge here in St. Johns County. So, I just wanted to introduce myself and ask if you would consider voting for me when you're filling in your mail-in ballots. I am a conservative, and my website is . . . ."

The JQC found, and the parties stipulated, that Judge Woolsey's approval of the misleading social media post violated Canon 7A(3)(e)(ii). Among other things, that canon prohibits judicial candidates from misrepresenting facts about themselves. We approve this aspect of the findings, recommendation, and stipulation without further discussion.

The JQC further found, and the parties stipulated, that Judge Woolsey violated Canon 7 by referring to herself as "a conservative" in a campaign-related voicemail. Canon 7 prohibits judges and judicial candidates from engaging in "inappropriate political activity." To explain its finding on this point, the JQC reasoned: "When Judge Woolsey asserted that she was a 'conservative,' she inserted partisan politics into a judicial election in a county where its residents are overwhelmingly registered as Republican and voted overwhelmingly for Republican candidates in 2022." The

stipulation adds: "Judge Woolsey has expressed remorse and regrets that describing herself as a 'conservative' called into question the impartiality and integrity of the non-partisan judicial elections."

We do not agree that Judge Woolsey's voicemail violated Canon 7. The statement "I am a conservative" is not partisan, either inherently or (as the JQC believed) when made during an election campaign in a predominantly Republican community. Nor is the statement inconsistent with "the dignity appropriate to judicial office" or with "the impartiality, integrity, and independence of the judiciary." Canon 7A(3)(b). To describe oneself as a "conservative" does not signal bias (pro or con) toward anyone or on any issue. Nor does it reasonably call into doubt the fairness of any future judicial proceeding involving the candidate. In political and legal discourse, "conservative" is an indeterminate word of many meanings and connotations. Even if we assume that a candidate might use the word "conservative" to associate herself with certain unstated views or personal dispositions, this Court has already observed that "our judicial code does not prohibit a candidate from

discussing his or her philosophical beliefs." *In re Kinsey*, 842 So. 2d 77, 88 (Fla. 2003).

For these reasons, we approve the findings, recommendation, and stipulation only to the extent that they pertain to Judge Woolsey's social media post. As discipline, we impose a public reprimand, which shall be accomplished by the publication of this opinion.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Gregory W. Coleman, Chair, Blan L. Teagle, Executive Director, and Alexander J. Williams, General Counsel, Judicial Qualifications Commission, Tallahassee, Florida; and Vincent A. Citro of Losey PLLC, Special Counsel, Orlando, Florida,

for Florida Judicial Qualifications Commission, Petitioner

David B. Rothman of Rothman & Associates, P.A., Miami, Florida,

for Judge Casey L. Woolsey, Respondent